IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PETER STEVEN BEELER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-cv-01230 |
| ) | |
| STATE OF TENNESSEE, et al., ) | Judge Trauger |
| ) | Magistrate Judge Frensley |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Steven Beeler initiated this action while incarcerated at the Davidson County Male Correctional Development Center. He has submitted, among other documents, a Complaint (Doc. No. 1), a "Civil Pleading" (Doc. No. 4), an application for leave to proceed in forma pauperis (Doc. No. 6), and a motion for appointment of counsel (Doc. No. 27). While this action was pending, Plaintiff was released from custody. (*See* Doc. No. 22).

### I. Filing Fee

The court **GRANTS** Plaintiff permission to proceed in forma pauperis in this action. Accordingly, a $350 filing fee[1] is **ASSESSED**. Plaintiff is obligated to pay this fee to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203, when he is able.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $405—a civil filing fee of $350 plus a civil administrative fee of $55—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2023).

## II. Plaintiff's Pleadings

The Prison Litigation Reform Act requires the court to conduct an initial screening of complaints brought by incarcerated individuals and complaints brought by individuals proceeding in forma pauperis. 28 U.S.C. § 1915A(b); *see id.* § 1915(e)(2)(B), 42 U.S.C. § 1997e(c).

However, a preliminary examination of the Complaint here reveals that, as currently constituted, it cannot properly be screened because it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of "unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d at 780 (citation and internal quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's Complaint and "Civil Pleading" include the following:

- claims against two unidentified Metropolitan Nashville Police Department (MNPD) Hermitage officers alleging that they sexually assaulted Plaintiff during an arrest in December 2022;

- a claim against an unidentified third MNPD officer alleging that the officer sexually assaulted Plaintiff during an arrest in March 2023;

- a claim against a Wilson County Sheriff's Office official for providing a false tip that led to the December 2022 arrest;

2

- a claim against Judge Steven Dozier for cruel and unusual punishment and false imprisonment;[2]

- claims against Mental Health Cooperative and Wellpath for failing to treat Plaintiff's mental illness resulting from the alleged sexual assaults;

- a claim against the Davidson County Sheriff's Office related to alleged improper maintenance of barbed wire at the Male Correctional Development Center, which resulted in Plaintiff sustaining a hand injury and various other injuries; and

- a claim against General Hospital Nashville for failing to properly treat Plaintiff's hand injury.

(Doc. No. 1); (Doc. No. 4). Plaintiff also purports to sue the State of Tennessee, but he does not allege any facts implicating that Defendant.

Pleadings such as these are typically rejected by courts due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3; *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017) (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all"). Entertaining Plaintiff's pleadings in their present form would contravene the federal joinder rules and impermissibly complicate the litigation of this case.

Improper joinder is not the only apparent deficiency in Plaintiff's pleadings. Because Plaintiff will have an opportunity to file an amended complaint, the court addresses two additional apparent deficiencies.

First, the named defendants are all municipalities or persons sued in their official capacities. When a defendant is sued in his or her official capacity as an employee of the

---

[2] Judge Dozier is not named as a Defendant in the Complaint, but in the Civil Pleading, Plaintiff asserts, "I'm also wanting to sue Judge Steven Dozier for keep me here on cruel and unusual punishment and false imprisonment." (Doc. No. 4 at PageID# 45). Plaintiff also includes Judge Dozier in the certificate of service for the Civil Pleading. *Id.* at PageID# 49.

3

government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). A claim of municipal liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by the municipality or its agent. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 690−691 (1978). To state a viable claim, Plaintiff must allege facts from which the court may infer a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 394 (6th Cir. 2014). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d 478. But Plaintiff alleges no such facts here.

Second, Judge Dozier enjoys absolute judicial immunity, which extends to all actions taken in his judicial capacity except those taken without any basis for exercising jurisdiction. *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518−19 (6th Cir. 2023); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Plaintiff does not allege facts from which the court may infer that Judge Dozier acted outside his judicial capacity.

### III. Further Action

Plaintiff **MUST** file a proper amended complaint within **30 DAYS** of the date of this Order, in which he does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert all the claims he has against a single defendant, regardless of whether the claims arise from the same incident or incidents; or, he can assert the claims he has against multiple defendants that

all arise from the same incident or series of related incidents, but no other claims unrelated to such incident(s). *See King*, 2020 WL 2404672, at *3. As to the claims of his current pleadings that fall outside the scope of this required amendment, Plaintiff may still pursue them but must file separate lawsuits to do so. *Id.*

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form, which he should use in drafting his amended complaint. Plaintiff **MUST** include the docket number for this case, **3:23-cv-01230**, on the first page of his amended complaint.

Plaintiff is warned that failure to comply with this Order within the time provided, or to timely request additional time to do so, may result in action by the court, including potential dropping of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the court's order. Plaintiff is also warned that he must continue to keep the Clerk's Office informed of his current address at all times.

With the case in this posture, Plaintiff's Motion to Appoint Counsel (Doc. No. 27) is **DENIED WITHOUT PREJUDICE** to renewal if warranted by future circumstances after the case progresses beyond the pleading stage.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge