IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PETER STEVEN BEELER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-cv-01230 ) |
| METRO NASHVILLE POLICE DEPARTMENT, *et al.*, | ) Judge Trauger ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter Beeler filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). He has since filed an amended complaint, which is now before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

## PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although

1

pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## THE AMENDED COMPLAINT

The plaintiff names five defendants in the amended complaint: Judge Steven R. Dozier, Metro Nashville Police Department, Davidson County Sheriff's Office, Well Path Mental Health Co-op, and General Hospital. (Doc. No. 36 at 2–3). Judge Dozier is sued in his official capacity. (*Id.* at 2). The plaintiff's claims are brought under 42 U.S.C. § 1983. (*Id.* at 3).

The plaintiff alleges that he was sexually assaulted in December 2022 by two unidentified Metropolitan Nashville Police Department agents while other agents watched. (*Id.* at 5). He further alleges that he was sexually assaulted again in 2023 by a different Metropolitan Nashville Police Department agent. (*Id.*)

Next, he alleges that he was cut by razor wire in the bathroom while in custody of the Davidson County Sheriff's Office in July 2023. (*Id.*)

Finally, he asserts that Well Path and General Hospital were negligent to his mental health from July 2023 through June 2025.

The plaintiff seeks $50 million in damages.

## ANALYSIS

Plaintiff's claims against Judge Dozier will be dismissed for failure to state a claim upon which relief may be granted. Section 1983 authorizes suit against a "person" acting under color of state law. 42 U.S.C. § 1983. Here, the plaintiff alleges that Judge Dozier is an official for the State of Tennessee. (Doc. No. 36 at 2). But "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the plaintiff has failed to state a viable Section 1983 claim against Judge Dozier in his official capacity.

Plaintiff's claims against the Metropolitan Nashville Police Department, the Davidson County Sheriff's Office, Well Path, and General Hospital will also be dismissed for failure to state a claim upon which relief may be granted. These entities are all treated as municipalities for purposes of Section 1983 liability. *Warnell v. Mount St. Joseph Univ.*, 144 F.4th 880, 891 n.4 (6th Cir. 2025). A claim of municipal liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by the municipality or its agent. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 690−691 (1978). To state a viable claim, Plaintiff must allege facts from which the court may infer a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d 478. The plaintiff alleges no such facts here. He has therefore failed to state a viable claim against Metropolitan Nashville Police Department, the Davidson County Sheriff's Office, Well Path, or General Hospital.[1]

To the extent the plaintiff intended to allege additional claims against any other defendant, (*see* Doc. No. 36 at 1 (listing "CDM" and "Mental Health Co-Op" as defendants)), all such claims

---

[1] As the court noted in a prior order, the plaintiff's original complaint likewise failed to allege facts from which the court could reasonably infer municipal liability. (Doc. No. 28 at 3−4).

are dismissed for failure to state a claim upon which relief may be granted because the plaintiff does not allege any facts from which the court may reasonably infer that any such defendant is liable for a constitutional violation under Section 1983.

Because the plaintiff has failed to allege a claim for which relief may be granted, the court will now dismiss his amended complaint and this action.[2]

## CONCLUSION

The plaintiff's amended complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. Final judgment shall now issue in accordance with Rule 58(b)(1) of the Federal Rules of Civil Procedure.

The plaintiff's Motion to Appoint Counsel (Doc. No. 35) duplicative Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 34) are **DENIED** as moot.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[2] The court previously directed the plaintiff to file an amended complaint after finding that the original complaint named improperly joined defendants in violation of Rule 20 of the Federal Rules of Civil Procedure. (Doc. No. 32). The amended complaint did not remedy this defect. However, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Severance of the plaintiff's claims to satisfy the joinder rules would be futile here, as the plaintiff has not stated a viable claim against any defendant.